## CIRCUIT COURT OF THE CITY OF RICHMOND

Schoonover's Administrator

v.

Blue Cross and Blue Shield of Va.

February 4, 1987

By JUDGE T. J. MARKOW

I have reviewed your memoranda, heard argument, and researched the issues raised in the demurrer. For the reasons to follow, I will sustain the demurrer. Plaintiff will be given an opportunity to plead over.

Schoonover's administrator has pled, and for consideration of the demurrer, I accept, that Schoonover was covered under a "medical coverage insurance" policy issued by Blue Cross/Blue Shield which included coverage for psychiatric treatment. He was being treated in a psychiatric facility which requested that Blue Cross/Blue Shield should provide additional extended coverage but that Blue Cross in bad faith negligently, grossly negligently, willfully or wantonly refused to pay, thereby causing his premature release from the hospital. Because of his premature release, Schoonover committed suicide some two months later. His personal representative seeks compensatory and punitive damages from Blue Cross/Blue Shield.

Blue Cross/Blue Shield says that Virginia does not recognize a tort for negligent, willful or wanton breach of contract, nor is there any recovery against a first party insurer for bad faith refusal to pay. It also says that there is no basis stated in the motion for judgment that supports a claim for punitive damages.

I agree with Blue Cross/Blue Shield. Virginia has never held a first party insurer liable in tort for bad

faith refusal to pay claims. *A & E Supply Co.* v. *Nationwide Mut. Fire Ins. Co.*, 798 F.2d 669 (4th Cir. 1986). First party insurers contract to pay directly to the insured or designated beneficiaries upon the occurrence of certain events. Examples are life, disability, or accident and sickness insurance. The rationale supporting liability of third-party insurers for bad faith handling of claims is not applicable in the first-party insurance context.

The Virginia Supreme Court has held that in a third-party insurance contract the insurer may be held liable in tort if it fails to deal in good faith. *Aetna* v. *Price*, 206 Va. 749 (1966). *Price* is based upon the determination of the Virginia Supreme Court that third-party insurers (insurers which contract to pay someone other than the insured, *e.g.*, liability insurance) have such control over the defense of any claim covered by the policy that "a relationship of confidence and trust is created between the insurer and the insured which imposes upon the insurer the duty to deal fairly with the insured in handling and disposition of any claim covered by the policy." *Aetna* v. *Price, supra,* 760. The court did not go so far as some courts have in holding that every contract establishes duties upon the parties to act in good faith towards the other with regard to performance of the contract. Its holding is based upon that special relationship created by the insurer's obligation to control the defense of the claim against the insured. These obligations are not assumed in first-party actions and, on the pleadings, were not assumed here.

From the pleadings it is impossible to tell with certainty whether Schoonover's contract with Blue Cross/Blue Shield was a first-party or third-party contract. The most logical conclusion I can reach from plaintiff's description of the policy as "medical coverage insurance" is that it is an accident and sickness policy designed to reimburse the insured (a first-party policy) as opposed to a policy designed to pay the providers of the insurance.

If this is a first-party policy, the only nexus between Schoonover and Blue Cross/Blue Shield is the contract of insurance. Blue Cross/Blue Shield owed Schoonover no duties except those arising from the policy. A breach of those duties constitutes a breach of the contract and should not give rise to tort liability, even if done in bad faith, willfully, wantonly, or with simple or

gross negligence. I need not decide whether Schoonover would have a cause of action if it were alleged that Blue Cross/Blue Shield intentionally harmed him. If tort liability were imposed for the breach of a contract to pay money, as here, would we not convert all breach of contract cases to tort cases? Even if the breach of contract is accompanied by an ulterior motive, the plaintiff is limited to a breach of contract of action. *See Kamlar Corp* v. *Haley*, 224 Va. 699 (1983). Virginia does not recognize tort liability for the type of conduct described in the motion for judgment which is simply a refusal to pay money.

While I do not have to reach the punitive damage question, *Kamlar Corp., supra*, would dictate that the demurrer be sustained as to that issue. *Kamlar* holds that a breach of contract without independent tortious conduct cannot sustain a claim for punitive damages. *See also Wright* v. *Everett*, 197 Va. 608 (1956).

Schoonover has pled a breach of contract action. Plaintiffs in such actions have been allowed to recover direct as well as consequential damages. *Restatement of Contracts Second* § 347(a), (b). Such issues are jury questions and would generally not permit the sustaining of a demurrer. Here, however, Schoonover's administrator complains that the breach of contract caused the death of his decedent. The damage is the death itself. At common law such damages were not recognized, they were saved only by legislative action in the enactment of the Death by Wrongful Act statute, § 8.01-50 of the Code. It is my view that breaches of contract which result in death as alleged here are not saved by this statute.

This action is not saved by the survival statute, Section 8.01-25 of the Code. This section preserves causes of action occurring before death. As this cause of action is pled, it did not arise until the injury complained of occurred; *i.e.*, when Schoonover died. Therefore, there was nothing to survive his death.

These last issues were not briefed or argued by counsel, nor have I researched them in great depth. If either party feels that something has been overlooked and wishes to be heard, I will entertain such a request if made within ten days of the date of this letter.

For the reasons given here and the excellent analysis of the "tort of bad faith" issues found in *A & E Supply*

*Co.* v. *Nationwide Mutual Fire Ins. Co.,* 798 F.2d 669 (4th Cir. 1986), the demurrer will be sustained.